Gehl *v.* State.

Opinion delivered March 18, 1929.

*Robert L. Rogers,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

Humphreys, J. Appellant was indicted in the Pulaski County Circuit Court, First Division, for murder in the first degree, for killing Charles Weldon, and, on the trial of the cause, was convicted of voluntary manslaughter, and, as a punishment therefor, was adjudged to serve a term of two years in the State Penitentiary, from which he has duly prosecuted an appeal to this court.

The only assignment of error urged for a reversal of the judgment is the permission granted by the trial court to special counsel to read testimony taken at the coroner's inquest as a part of his statement to the jury. Before offering evidence in support of an indictment, a prosecuting attorney, or any attorney assisting him, may make a brief statement of the evidence on which the State relies. Section 3171 of Crawford & Moses' Digest so provides. There is nothing in this statute authorizing the reading of testimony theretofore taken in aid of the statement, and it is bad practice, and should not be countenanced. It was error to allow the evidence taken at the coroner's inquest to be read, but we are unable

to discover any prejudice resulting to appellant on account of reading same. The testimony read did not differ in any material respect from that subsequently introduced by the State in support of the indictment. In order to guard against any prejudice that might result to appellant on account of reading the testimony, the court admonished the jury not to consider the testimony read as evidence in the case, but to treat same as a statement of what the State expected to prove; and, further, that they must be governed only by the evidence introduced and the instructions given by the court.

No prejudicial error appearing, the judgment is affirmed.